## PINDAR vs. SEAMAN & CROLIUS.

The rules of the supreme court (14 to'17) regulate the proceedings for a discovery of books, papers and documents, both under the revised statutes and under the code, but do not, and cannot, unite or confound the two remedies.

The power of the court, in a proceeding under section 388 of the code, is defined and limited by that section. In the first'instance it may order a party to give, within a specified time, an inspection and copy, or permission to take a copy, of books, papers &c. If compliance with the order is refused, the court may exclude the paper from being given in evidence, or punish the party refusing, or both.

It is erroneous to direct defendants to deposit a paper with the clerk for thirty days, and in default thereof that they be precluded from all defense in the action, and be adjudged guilty of a contempt and be liable to be punished therefor.

What is the proper order, in such a case.

THE plaintiff, on affidavits and an order to show cause, applied to the court for an order for the discovery of a contract on which this action is brought, and which is in the possession of the defendants, and that it be deposited with the clerk of the court. After service of the order to show cause, the defendants' attorneys gave notice to the plaintiff's attorneys that the contract was at their office and for three days might be there seen and copied. The attorneys for both parties have their offices in New York. No person called to examine or copy the contract within the three days, and the defendants' attorneys then served on the plaintiff's attorneys a copy of it, verified by the affidavit of both defendants. On the return of the order to show cause, these facts appearing, an order was made that the defendants deposit said contract with the clerk of the city and county of New York for thirty days, and in default thereof "that they will be precluded from all defense in the said action, and will be adjudged guilty of a contempt of the said court, and liable to be punished as one guilty of such contempt." From this order the defendants appealed.

Pindar *v.* Seaman.

*By the Court,* BONNEY, J. This application was made under section 388 of the code. The revised statutes (2 *R. S.* 199, §§ 21 to 27) provide a concurrent remedy for the discovery of books, papers and documents, but the proceedings in this case are not in conformity with the provisions of those statutes. The rules of the court (14 to 17) regulate the proceedings both under the revised statutes and under the code, but do not and cannot unite or confound the two remedies. (*Gould* v. *McCarty,* 1 *Kern.* 575. *Davis* v. *Dunham,* 13 *How. Pr. R.* 427.) The power of the court in a proceeding under section 388 of the code is defined and limited by that section. In the first instance it may order a party to give, within a specified time, an inspection and copy or permission to take a copy of books, papers and documents. If compliance with this order be refused, the court may then, on motion, "exclude the paper from being given in evidence, or punish the party refusing, or both." The feeling between the parties to this action has doubtless influenced in some degree the practice of the attorneys, on both sides. The defendants have given a sworn copy of the contract in question, but offered only a very limited time for examination of the original. The plaintiff has insisted upon a deposit of the original paper with the clerk. The order made at special term is more stringent than appears to us to be authorized or to be proper under the circumstances, and should now be modified so as merely to direct that the defendants, within and for a reasonable time and at some proper and convenient place, to be specified in the order, give to the plaintiff and his attorneys, and to each or either of them, and such other persons as shall accompany them, respectively, an inspection and opportunity to examine and copy the contract in question, which must however remain in the possession of the defendants. Neither party is entitled to costs against the other of the motion or of the appeal. The order to be settled on two days' notice.

[NEW YORK GENERAL TERM, September 18, 1860. *Sutherland, Allen* and *Bonney,* Justices.]